Joanne McCALLA, Plaintiff,

v.

AVMED, INC., and Marianne Divita, Defendants.

Case No. 11–60007–CIV.

United States District Court, S.D. Florida.

July 29, 2011.

Chris Kleppin, Glasser, Boreth & Kleppin, P.A., Plantation, FL for Plaintiff.

Pedro P. Forment and Jeannette E. Albo, Jackson Lewis, P.A., Miami, FL, for Defendants.

### *ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS MOTION FOR SANCTIONS*

JAMES I. COHN, District Judge.

**THIS CAUSE** is before the Court on Defendants' Motion for Sanctions for Failure of the Defendants' Insurance Representative to Appear at the Mediation [DE 71] ("Plaintiff's Motion").[1] The Court has reviewed Plaintiff's Motion, Defendants' Opposition [DE 73], and is otherwise advised in the premises.

Despite this Court's Order Requiring Mediation [DE 11] wherein the Court ordered that "the appearance of counsel and each party or a representative of each party with full authority to enter into a full

---

1. Despite the title of Plaintiff's Motion, the motion was filed by Plaintiff, not Defendants.

and complete compromise and settlement is mandatory. If Insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend." DE 11 at 2. Furthermore, Local Rule 16.2(e) for the United States District Court for the Southern District of Florida states that "[u]nless otherwise excused by the presiding judge in writing, all parties ... shall be present at the mediation conference with full authority to negotiate a settlement." The Court may sanction a party who fails to comply with the Local Rule. *Id.* Likewise, Federal Rule of Civil Procedure 16(f) provides as follows:

(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or

(C) fails to obey a scheduling or other pretrial order.

(2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 16(f).

Defendants, however, ignored the Court's Order and the Local Rules and attempted to participate In mediation without the attendance of Defendants' insurance adjuster. Plaintiff therefore moves for sanctions. Plaintiff asks the Court to deny Defendants' pending motion for summary judgment, pay for yesterday's fruitless mediation, make them pay for the "attorney time spent preparing for and attending the mediation of July 27, 2011, and for the litigation of the sanctions motion," and make them pay for the mediation. Plaintiffs Motion at 3.

The Court finds that Plaintiff has shown good cause for the imposition of sanctions. Accordingly, the Court finds that monetary sanctions should be taxed against Defendants and awarded to Plaintiff. Because Plaintiff asked for no sum certain or provided the Court with any dollar amount for the proposed sanctions, the Court will award Plaintiff an appropriate amount However, the Court will not deny Defendants' Motion for Summary Judgment for failure to abide by the Court's Order Requiring Mediation. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion for Sanctions for Failure of the Defendants' Insurance Representative to Appear at the Mediation [DE 71] is **GRANTED IN PART AND DENIED IN PART.** Defendants shall pay Plaintiff one thousand dollars and zero cents ($1,000.00) to pay for both the mediation scheduled for July 27, 2011, and Plaintiff's counsel's time spent preparing for that mediation. Plaintiff's Motion is denied in all other respects. It Is **FURTHER ORDERED AND ADJUDGED** that the parties shall mediate this case no later than Friday, August 12th, 2011.